UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>TAYLOR WALES, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-2896 JCM (GWF)<br><br>ORDER |

Presently before the court is defendants Taylor Wales, First California Mortgage Company, Los Prados Community Association ("Los Prados"), and Federal National Mortgage Association's (collectively "defendants") motion to dismiss. (ECF Nos. 27, 28, 29, 55). Plaintiff Bank of New York Mellon ("BNYM") has filed a response (ECF No. 44), to which defendants replied (ECF Nos. 45, 46, 47, 56).

Also before the court is BNYM's motion for leave to file supplemental authorities. (ECF No. 61). Defendant's have not filed a response and the time to do so has passed.

**I.     Facts**

This action arises from a dispute over real property located at 5253 Saranac Road, Las Vegas, Nevada 89130 ("the property"). (ECF Nos. 1, 20).

On March 9, 2005, Susan and James Pharo ("the Pharos") refinanced the property with a loan in the amount of $252,000.00 from Home Loan Center, Inc. dba Lending Tree Loans ("Lending Tree"). (ECF Nos. 20, 27). Lending Tree secured the loan with a deed of trust, which it recorded with the Clark County recorder's office on March 17, 2005. *Id.* Thereafter, BNYM acquired all beneficial interest in the deed of trust via an assignment, which BANA recorded with the Clark County recorder's office. *Id.*

**James C. Mahan**
**U.S. District Judge**

On March 23, 2012, Los Prados, through its agent Nevada Association Services, recorded a notice of delinquent assessment lien ("the lien") against the property for the Pharos' failure to pay Los Prados in the amount of $1,677.00. *Id*. On May 8, 2012, Los Prados recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,830.00. *Id*.

On October 11, 2012, Los Prados recorded a notice of foreclosure sale against the property. *Id*. On November 9, 2012, Los Prados sold the property in a nonjudicial foreclosure sale to Rugged Oaks in exchange for $14,800.00. *Id*. On November 15, 2012, Los Prados recorded the deed of foreclosure. *Id*.

On November 17, 2017, BNYM initiated this action. (ECF No. 1). In its amended complaint, BNYM alleges four causes of action: (1) declaratory judgment that the foreclosure sale was void; (2) declaratory judgment that BNYM may sell the property in a judicial foreclosure sale; (3) judicial foreclosure; and (4) injunctive relief. (ECF No. 20).

Now, defendants move to dismiss, arguing that the statute of limitations bars all of BNYM's claims. (ECF No. 27).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

*Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As a preliminary matter, the court will deny BNYM's motion to file supplemental authorities (ECF No. 61) as the authorities pertain to the application of NRS 116.3116 *et seq.*, which is irrelevant to the court's analysis here.

In their motion to dismiss, defendants argue that the statute of limitations bars BNYM's claims. (ECF No. 27). The court agrees.

BNYM's first three claims request that the court declare that the HOA foreclosure sale did not extinguish the deed of trust and order a foreclosure sale of the property. (ECF No. 20). However, because the court cannot grant such relief without holding that BNYM's interest in the property is superior to all others, BNYM's first three claims are nothing more than a repackaged quiet title claim.

James C. Mahan
U.S. District Judge

- 3 -

"To prevent plaintiffs from making a mockery of the statute of limitations by simple expedient creative labelling [sic] . . . courts must necessarily focus upon the substance of an asserted claim as opposed to its form." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (citation omitted). Because BNYM's amended complaint effectively requests quiet title and injunctive relief, the court will accordingly address those claims.

    *a. Quiet title*

NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. 11.070. Los Prados recorded the foreclosure sale with the Clark County recorders office on November 15, 2012. (ECF Nos. 20, 27). BNYM brought this lawsuit more than five years later, on November 17, 2017. (ECF No. 1). Accordingly, the statute of limitations bars BNYM's quiet title claim.

    *b. Injunctive relief.*

The court will dismiss plaintiffs fourth claim because injunctive relief standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346-JCM-RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010).

### IV. Conclusion

In light of the foregoing, the court will dismiss with prejudice BNYM's claims because BNYM failed to allege plausible claims as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendants' motion to dismiss (ECF No. 27) be, and the same hereby is, GRANTED with prejudice.

IT IS FURTHER ORDERED that BNYM's motion for leave to file supplemental authorities (ECF No. 61) be, and the same hereby is, DENIED.

DATED November 1, 2018.

                                                      */s/ James C. Mahan*
                                                   UNITED STATES DISTRICT JUDGE